UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KENNETH SCOTT, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-03089-JPH-TAB |
| | ) | |
| CURRY Officer of I.M.P.D., | ) | |
| COST Officer of I.M.P.D., | ) | |
| MICHAEL STUMP Officer of I.M.P.D., | ) | |
| MCCOLINTHAN Officer of I.M.P.D., | ) | |
| THOMAS BEARD Officer of I.M.P.D., | ) | |
| NUTTER Officer of I.M.P.D., | ) | |
| DANELS Officer of I.M.P.D., | ) | |
| MARION COUNTY SHERIFF'S DEPARTMENT, | ) | |
| CLARK COUNTY SHERIFF'S DEPARTMENT, | ) | |
| INDIANAPOLIS PROSECUTOR'S OFFICE, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Mr. Scott brought this action on November 27, 2020 on behalf of himself and two other plaintiffs. Dkt. 1. On December 7, 2020, the Court ordered Plaintiffs to pay the filing fee or move for *in forma pauperis* status and explained that this case can proceed only as to plaintiffs who filed a signed statement that they wished to maintain the case. Dkt. 8. Only Mr. Scott responded, but he did not provide the required institution trust account statement or file a complaint that complied with Federal Rule of Civil Procedure 8. *See* dkt. 11. On January 22, 2021, the Court ordered Mr. Scott to provide the required trust account statement and an amended complaint that "clearly specif[ied] the defendants against whom claims are raised; explain[ing] what

1

those defendants did, and when; and explain[ing] what the plaintiff is seeking." *Id.*

Mr. Scott responded by filing a single page labeled "Inmate Account Summary," but it did not list the dates that it covered or any transactions, deposits, or balances.  Dkt. 12.  He also filed a document labeled "Obstruction of Justice" that was docketed as an amended complaint but did not comply with the Court's orders or with Federal Rule of Civil Procedure 8.  Dkt. 13 (stricken by dkt. 14).  On February 19, 2021, the Court noted those deficiencies and ordered Mr. Scott to file the required institution trust account statement and an amended complaint that complies with Federal Rule of Civil Procedure 8.  Dkt. 14.  That order warned Mr. Scott that if he did not comply by March 11, 2021, "this action will be dismissed with prejudice for failure to follow the Court's orders." *Id.* at 3.

Because Mr. Scott did not respond, the Court dismissed this case without prejudice and entered final judgment on March 19, 2021.  Dkt. 15; dkt. 16.

Mr. Scott has now filed two motions for "reinstatement" and an amended complaint with an attached single-page "Inmate Account Summary," which does not list the dates that it covers or any transactions, deposits, or balances. Dkt. 17; dkt. 18; dkt. 21.

The Court construes Mr. Scott's motions for reinstatement as motions to reopen this case under Federal Rule of Civil Procedure 60(b).  *Harrington v. City of Chicago*, 433 F.3d 542, 547 (7th Cir. 2006) (explaining that Rule 60(b)—not

2

Rule 59(e)—is the appropriate rule for attempting to "undo . . . procedural failures"). "Relief from a final judgment [under Rule 60(b)] is available because of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, the judgment is void or has been satisfied, or any other reason that justifies relief." *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supp., Inc.*, 961 F.3d 942, 948 (7th Cir. 2020).[1]

The amended complaint has the same deficiencies that the Court previously identified in Mr. Scott's filings. It again tries to bring claims on behalf of other plaintiffs, though they have not signed the complaint. *See* dkt. 18 at 1. And instead of clearly specifying the claims against each defendant, it contains nineteen pages of disjointed allegations, which do not allow the Court to discern any plausible claim. *See United States ex rel. Garst v. Lockheed–Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud.").

In sum, Mr. Scott's amended complaint does not address the Court's repeated orders in this case. This case therefore remains closed. The motions for reinstatement, construed as Rule 60(b) motions, are **DENIED**. Dkt. [17]; dkt. [21].

**SO ORDERED.**

---

[1] In his motion, Mr. Scott alleges that he had been transported to a state mental hospital, but he does not provide any dates when he was there or explain his efforts or any difficulties he faced in responding to the Court's orders. Dkt. 17; *see Shaffer v. Lashbrook*, 962 F.3d 313, 316–17 (7th Cir. 2020).

Date: 5/11/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

KENNETH SCOTT, III
482209
MARION COUNTY JAIL
MARION COUNTY JAIL
Inmate Mail/Parcels
40 South Alabama Street
Indianapolis, IN 46204

4